# Application of 18 U.S.C. § 207(f) to a Former Senior Employee

Title 18, section 207(f) of the U.S. Code prohibits a former senior employee of an executive branch department from representing a foreign entity before members of Congress within one year of the termination of his employment.

June 22, 2004

MEMORANDUM OPINION FOR THE ACTING DIRECTOR
OFFICE OF GOVERNMENT ETHICS

You have requested our opinion whether 18 U.S.C. § 207(f) bars a former senior employee of an executive branch department[*] from representing a foreign entity before members of Congress within one year of the termination of his employment.[1] For the reasons stated below, we conclude that the statute does prohibit such representation.

In the Ethics in Government Act of 1978, Congress substantially amended the conflict of interest laws applicable to federal employees in an attempt "to preserve and promote the integrity of public officials and institutions." Pub. L. No. 95-521, 92 Stat. 1824. Among these conflict of interest laws are various restrictions on the activities of government officers and employees after they leave government service. These "post-employment" restrictions are set out in 18 U.S.C. § 207 (2000 & Supp. III 2004). Some post-employment restrictions apply solely to former executive branch personnel, *see, e.g.*, 18 U.S.C. § 207(a), (c), (d), while others apply to former members of Congress and officers and employees of the Legislative Branch, *see, e.g.*, 18 U.S.C. § 207(e). Subsection (f), added by the Ethics Reform Act of 1989, Pub. L. No. 101-194, 103 Stat. 1716, imposes certain restrictions relating to representation of foreign entities and applies to former officers and employees of both branches.

Section 207(f)(1) provides:

> *Restrictions*.—Any person who is subject to the restrictions contained in subsection (c), (d), or (e) and who knowingly, within 1 year after leaving the position, office, or employment referred to in such subsection—

---

[*] Editor's Note: We are not identifying in the published version of this opinion the executive branch department that employed the individual who is the subject of the opinion.

[1] *See* Letter for Jack L. Goldsmith III, Assistant Attorney General, Office of Legal Counsel, from Marilyn L. Glynn, Acting Director, Office of Government Ethics (Apr. 6, 2004). We also solicited and obtained the views of the former employing department on this question. *See* Letter for Renée Lettow Lerner, Deputy Assistant Attorney General, Office of Legal Counsel (May 12, 2004). The Criminal Division of the Department of Justice concurs with the conclusion reached in this memorandum.

> (A) represents a foreign entity before any officer or employee of any department or agency of the United States with the intent to influence a decision of such officer or employee in carrying out his or her official duties . . .

shall be punished as provided in section 216 of this title.

18 U.S.C. § 207(f)(1).[2] The question we must decide, therefore, is whether members of Congress are "officer[s] or employee[s] of any department or agency of the United States."

In the absence of any context indicating otherwise, we would ordinarily construe the phrase "department or agency of the United States" to refer to entities within the Executive Branch. *See, e.g.*, *Hubbard v. United States*, 514 U.S. 695, 699 (1995) (noting that the term "department" is commonly used "to refer to a component of the Executive Branch"). However, section 207(i) provides as follows:

> *Definitions*.—For purposes of this section—
>
> (1) the term "officer or employee", when used to describe the person to whom a communication is made or before whom an appearance is made, with the intent to influence, shall include—
>
> > (A) in subsections (a), (c), and (d), the President and the Vice President; and
> >
> > (B) in subsection (f), the President, the Vice President, *and Members of Congress*.

18 U.S.C. § 207(i) (emphasis added). Congress has thus expressly indicated its intent to bar individuals who have recently held senior government positions from lobbying its members on behalf of foreign entities. Unless the term "department or agency of the United States" is read to encompass the Legislative Branch, the inclusion of members of Congress in this provision would lack meaning or application. *See TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'") (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)); *United States v. Menasche*, 348 U.S. 528, 538–39 (1955) ("It is our

---

[2] Section 216 provides both civil and criminal penalties for conduct violating section 207. 18 U.S.C. § 216 (2000).

duty 'to give effect, if possible, to every clause and word of a statute.'") (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)).[3]

In addition, Congress has provided a statutory definition of the term "department," applicable generally to title 18, that explicitly permits a broad interpretation that would extend to the Legislative Branch. "As used in this title: The term 'department' means one of the executive departments enumerated in section 1 of Title 5, *unless the context shows that such term was intended to describe the executive, legislative, or judicial branches of the government.*" 18 U.S.C. § 6 (2000) (emphasis added). Here, the inclusion of "Members of Congress" within the term "officer or employee of any department . . . of the United States" supports the conclusion that "department," at least in the context of section 207(f), must include the Legislative Branch. In *Hubbard*, by contrast, the Supreme Court found "nothing in the text of [18 U.S.C. § 1001, prohibiting the making of false statements "in any matter within the jurisdiction of any department or agency of the United States"] . . . that even suggests . . . that the normal definition of 'department' was not intended." 514 U.S. at 701 (overruling *United States v. Bramblett*, 348 U.S. 503 (1955), in which the Court had held that the term "department" in section 1001 included the Legislative Branch).

Our conclusion derives further support from the structure of section 207. The scope of section 207(f), limiting representation of foreign entities, is broader than that of certain other subsections respecting both those who may not lobby and those who may not be lobbied. The broader scope of section 207(f) suggests Congress had particular concern about representation of foreign entities. As noted above, section 207(f) applies to individuals subject to the restrictions in subsections (c), (d), and (e), and therefore covers former officers and employees of both the Executive and Legislative Branches. Section 207's definitional provision likewise defines the prohibited "targets" of lobbying activity more broadly with respect to subsection (f) than it does with respect to subsections (a), (c), and (d), which apply only to former executive branch personnel. For purposes of subsections (a), (c), and (d), "the term 'officer or employee,' when used to describe the person to whom a communication is made or before whom an appearance is made, with the intent to influence," includes "the President and the Vice President." 18 U.S.C. § 207(i)(1). For purposes of subsection (f), as explained above, the term also includes "Members of Congress." *Id.* § 207(i)(1)(B). There can be little doubt, therefore, that section 207(f) prohibits representation of foreign entities before Congress as well as before executive branch agencies.[4]

---

[3] Limiting application of the phrase "Members of Congress" to members serving on commissions that constitute "agencies," as your letter suggests, would not eliminate this problem but would rather merely render the phrase redundant.

[4] There is legislative history that could be read to suggest that Congress intended to proscribe representation of foreign entities only before the branch of government in which a particular individual formerly served. We do not find the legislative history persuasive on this point. Congress added the

Your letter suggests that the term "department" in section 207(f) should be interpreted in a manner consistent with the interpretation of that term in other parts of section 207 and other conflict of interest laws.[5] *See, e.g.*, *Comm'r of Internal Revenue v. Keystone Consol. Indus.*, 508 U.S. 152, 159 (1993) ("It is a 'normal rule of statutory construction' . . . that 'identical words used in different parts of the same act are intended to have the same meaning.'") (citations and quotations omitted). But "the presumption is not rigid," and yields to "the cardinal rule that '[s]tatutory language must be read in context.'" *Gen. Dynamics Land Sys. v. Cline*, 540 U.S. 581, 596 (2004) (citations and quotations omitted) (finding that the term "age" in the Age Discrimination in Employment Act varies in meaning according to context). As discussed above, section 207(i) expressly differentiates between

---

definitional sections 207(i)(1)(A) and (B), quoted in the text, in the Ethics Reform Act of 1989: Technical Amendments, Pub. L. No. 101-280, 104 Stat. 149 (1990). The explanation for the technical amendments states: "Definitions—The amendment specifies that the term 'officer or employee', when used to describe the person to whom a communication is made, includes the President and Vice President with respect to restrictions on former executive branch officials, and includes members of Congress with respect to restrictions on the Legislative Branch." *Public Law No. 101-280, Ethics Reform Act of 1989: Technical Amendments, Detailed Explanation Prepared by House and Senate Legislative Counsel*, 1990 U.S.C.C.A.N. 169. This language in the explanation does not alter our analysis. The term "includes" in this sentence of the explanation is clearly not meant to be exclusive. Many other people besides those specifically listed in the explanation may not be contacted, *see, e.g.*, 18 U.S.C. § 207(d)(2)(A). In the case of subsection (f), these people include employees of branches other than the one the restricted person formerly served in. We therefore do not read the explanation to suggest that Congress intended to proscribe representation of foreign entities only before the branch of government in which a restricted person formerly served. Even if it does, the text of the statute, which is controlling, provides no basis for drawing such a distinction. Both those who are restricted from lobbying and those who may not be lobbied are clearly specified for each subsection. Even if one construes the term "department" narrowly, section 207(f) would bar former legislative employees from lobbying executive branch agencies, and thus precludes a "same branch" interpretation. If the term "officer or employee" includes members of Congress for purposes of section 207(f), it must do so for all individuals covered by that section. *Cf. Hubbard*, 514 U.S. at 701 (18 U.S.C. § 6 requires courts to examine the text of a statute, not its legislative history); *id.* at 708 ("Courts should not rely on inconclusive statutory history as a basis for refusing to give effect to the plain language of an Act of Congress, particularly when the Legislature has specifically defined the controverted term.").

[5] You cite, for example, two previous opinions of this Office interpreting other conflict of interest provisions. *See Conflicts of Interest—18 U.S.C. § 207—Former Executive Branch Officer*, 3 Op. O.L.C. 373 (1979); *Applicability of 18 U.S.C. § 205 to Union Organizing Activities of Department of Justice Employee*, 5 Op. O.L.C. 194 (1981). Neither of these opinions, however, provides guidance on the interpretation of the term "department" in section 207(f). In the 1979 opinion, we interpreted 18 U.S.C. § 207(a) not to bar legislative lobbying by a former Executive Branch official after concluding that legislation would not generally fall into the proscribed category of "particular matters involving specific parties." 3 Op. O.L.C. at 376. In the 1981 opinion, we interpreted 18 U.S.C. § 205 (which prohibits certain representational activities by current employees before "any department, agency, [or] court") as barring representation before the Office of the Architect of the Capitol, which we concluded fell within the "expansive" definition of "agency" in title 18. 5 Op. O.L.C. at 194–95. We acknowledged that the legislative history of the conflict of interest laws (which at that time did not include section 207(f)) suggested that Congress did not intend for section 205 to prohibit representational activities before Congress itself, but determined that "Congress did not intend to limit the term 'agency' to entities within the executive branch." *Id.* at 195.

section 207(f) and other provisions of section 207, and thus provides a plain textual basis for giving "department" a broader meaning in section 207(f) than it might have in other conflict of interest provisions.[6]

We therefore conclude that 18 U.S.C. § 207(f) bars a former senior executive branch employee from representing a foreign entity before Congress within one year of leaving his position.

RENÉE LETTOW LERNER
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[6] Nor do we believe that the "rule of lenity" requires a different conclusion. *Cf. Jones v. United States*, 529 U.S. 848, 858 (2000) ("We have instructed that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity'") (quoting *Rewis v. United States*, 401 U.S. 808, 812 (1971)). Resort to that rule is unnecessary in this instance, since we do not find the statute ambiguous. The rule of lenity applies only where, "after seizing everything from which aid can be derived, . . . we can make no more than a guess as to what Congress intended." *Holloway v. United States*, 526 U.S. 1, 12 n.14 (1999) (internal quotations and citations omitted); *see also Muscarello v. United States*, 524 U.S. 125, 138–39 (1998) ("The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of that rule, for most statutes are ambiguous to some degree."); *Chapman v. United States*, 500 U.S. 453, 463 (1991) ("rule of lenity . . . is not applicable unless there is a 'grievous ambiguity or uncertainty in the language and structure of the Act'"). The statute at issue here does not present any "grievous ambiguity" that cannot be resolved using ordinary tools of statutory construction.